**JOHNSON et al. v. HORTON et al.***
No. 6946.

Circuit Court of Appeals, Ninth Circuit.
March 20, 1933.

*Rehearing denied May 3, 1933.

Maurice E. Gibson, of San Francisco, Cal., for appellants.

Thatcher & Woodburn, Geo. B. Thatcher, Wm. Woodburn, and Wm. J. Forman, all of Reno, Nev., for appellees.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

SAWTELLE, Circuit Judge.

This is an appeal from an order dismissing appellants' amended bill of complaint and supplemental bill of complaint. The amended bill of complaint alleges that appellants are stockholders in the defendant Weepah Horton Gold Mines Company, a corporation, appellee here, and that F. E. Horton, Frank Horton, Jr., R. McCarthy, and A. F. Price, defendants below and appellees here, are the directors and officers of said corporation. The supplemental bill of complaint names as defendants these same parties, and, in addition, appellees Iven T. Jeffries, O. U. Pryce, and P. N. Petersen, who became the owners of certain stock of said corporation at a sale thereof for delinquent assessments.

The amended bill of complaint alleges that the by-laws of the Weepah Horton Gold Mines Company were adopted by the stockholders on January 23, 1929, immediately subsequent to its organization; that at a meeting of the board of directors of said corporation held on May 22, 1929, assessment No. 1 was levied on the issued and outstanding capital stock of the corporation; that at a meeting of the board of directors of the corporation held on March 15, 1932, a resolution was adopted which provided that so many shares of each parcel of outstanding stock as would be necessary would be sold at public auction on April 18, 1932, for the purpose of paying delinquent assessments thereunder; that at a meeting of the board of directors of the corporation held on March 15, 1932, a resolution was adopted which provided that said assessment No. 1 levied on the stock of appellee F. E. Horton should be paid by offsetting said amount against bills alleged to have been paid by said F. E. Horton for and on account of the corporation; that at a meeting of the board of directors of the corporation held on March 19, 1932, there was enacted a by-law prohibiting the voting of any shares of stock for the election of directors of the corporation unless all calls and assessments on said stock should be paid prior to the meeting of the stockholders; that a meeting of the stockholders of the corporation was held on March 21, 1932, for the purpose of electing directors; that at this meeting certain stockholders who had not paid the assessment theretofore levied upon their stock voted for appellants for directors of said corporation, but, pursuant to the prohibition contained in the by-law above referred to, these votes were not counted, and the chairman declared appellees F. E. Horton, Frank Horton, Jr., and R. McCarthy duly elected as directors. Appellants refused to accede to this ruling and considered themselves elected as directors by reason of the votes cast for them by the stockholders who had failed to pay the stock assessment, and therefore elected their respective selves as officers of the corporation. It is further alleged that appellees Horton, Pryce, and McCarthy are in possession of the books, records, and properties of the corporation and have refused to deliver them to appellants.

The relief prayed is that, pending this suit, a receiver be appointed to take charge of the books and property of the corporation; that appellees be directed to deliver to the receiver the books and property of the corporation; that appellees be restrained by injunction from exercising the functions of directors and officers of the corporation; that

the pretended election of appellees as directors and officers of the corporation be declared void; that the purported amendment to the by-laws of the corporation be declared void; and that appellants be declared the legally elected directors and officers of the corporation.

Thereafter and while the motion to dismiss was pending, a supplemental bill of complaint was filed alleging that all of the stock on which the assessment had not been paid had been sold to the corporation and to appellees O. U. Pryce and P. N. Petersen, by appellees F. E. Horton and Iven T. Jeffries, acting on behalf of the corporation, on April 18, 1932; that prior to such sale appellants had held a meeting and extended the period for the sale of delinquent stock for a period of ninety days from April 18, 1932; and that the sale and purchase of the stock was made with knowledge of this extension. The relief sought by the supplemental bill is a decree removing the cloud on the title to said stock sold for delinquent assessments, and declaring that the sale thereof was invalid and that the purchasers thereof obtained no right, title, or interest thereto.

■ We believe to be without merit appellees' motion to dismiss the appeal in this court, interposed on the ground that the order dismissing the complaint is not final.

■ The motion to dismiss was on the ground, among others, that the bill of complaint "does not state facts sufficient to constitute a valid cause of action in equity against these defendants or either of them." We are of opinion that the motion was properly granted on this ground. Quite patently, the charge of the complaint and the relief sought related simply to the enforcement of an alleged right to a corporate office; and it is well settled that equity has no inherent jurisdiction to determine the right to a corporate office or the validity of a corporate election. Grant v. Elder, 64 Colo. 104, 170 P. 198; People v. Burke, 72 Colo. 486, 212 P. 837, 845, 30 A. L. R. 1085; Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106 So. 473, 476; Merchants' Loan & Invest. Corp. v. Abramson, 214 App. Div. 252, 212 N. Y. S. 193; and see authorities in margin.[1] This

case does not come within the rule that equity has jurisdiction to determine the right to an office when it has jurisdiction of the case on other grounds, nor does it come within any of the other recognized exceptions. See Fletcher's Cyc. on Private Corporations, vol. 3, §§ 1829, 1830; 14a Corpus Juris 63.

We cannot agree with appellants that "the determination of the respective titles to office is only one of the questions involved." The prayer for relief, it is true, seeks the appointment of a receiver, an injunction restraining the appellees from acting on behalf of the corporation, and a decree setting aside as void the by-law in question, as well as the election of appellees as directors and officers of the corporation. However, this relief is merely ancillary or incidental to the ultimate and real relief sought, namely, the determination of the validity of the election and the title to the corporate offices. See Kean v. Union Water Co., 52 N. J. Eq. 813, 31 A. 282, 283, 46 Am. St. Rep. 538, citing with approval the following from Owen v. Whitaker, 20 N. J. Eq. 122: "The first question in the cause is whether the court has jurisdiction to determine whether an election of the directors of a private corporation has been legally held, and whether certain persons claiming to be and acting as directors are such. This court has no jurisdiction to determine the validity of this election, or the right of the directors elected to hold and exercise the office of directors; and therefore can grant no relief that is merely incident to that power, such as to restrain the directors from acting as such."

And, in Bedford Springs Co. v. McMeen, 161 Pa. 639, 29 A. 99, it is said: "While it is true that the bill in this case was brought to compel the delivery of the property of the company, yet the real controversy as set forth in the bill and answer is upon the validity of the election of the defendants as directors of the company. If they were lawfully elected the plaintiff has no case and is not entitled to the property claimed. Their title to the of-

---

[1] "While the contrary has been held, the general rule is well settled that a court of equity has no power or jurisdiction to entertain a bill merely for the purpose of reviewing a corporate election; nor to oust parties in possession who claim to have been elected. The reason is that the remedy at law is usually adequate." 14a Corpus Juris p. 63.

"As a general rule a court of equity has no jurisdiction to try the right to an office in a private cor-

poration; and this is especially true as to elective offices where a summary remedy is given by statute to set aside the election if it is illegal; so a court of equity, the remedy at law being adequate, will not assume jurisdiction as by injunction to try the title or restore an officer in a corporation to his office." 7 R. C. L. p. 433.

"By the overwhelming weight of authority, when there is an adequate remedy at law by quo warranto, or under a statute, a court of equity cannot, in the absence of a statute, assume jurisdiction to declare an election void, or remove or enjoin officers, unless some other ground of equitable jurisdiction is presented. It has no inherent jurisdiction when the mere right to office is involved." Fletcher's Cyc. on Private Corporations, Vol. 3, § 1828.

fice of directors is therefore the real question at issue. All the averments of the bill tend to this one subject. Another election of other persons is asserted to have been the only lawful election, and the election of the defendants is alleged to have been unlawful. Thus the title of the one set of directors or of the other forms the matter of contention, and the right to have possession of the property in question is only incidental to the right to the office. The appellees aver that the question of the title to the office cannot be tried by a proceeding in equity, but that the exclusive remedy is by a writ of quo warranto. We think this point is well taken."

See, also, Hayes v. Burns, 25 App. D. C. 242, 4 Ann. Cas. 704; Cella v. Davidson, 304 Pa. 389, 156 A. 99.

The same may be said of the relief sought by the supplemental complaint, praying that the sale of the stock for delinquent assessments be declared void, because the validity of the sale of this stock depends primarily upon the right of the appellees to act on behalf of the corporation.

Motion to dismiss appeal denied; order of dismissal affirmed.