(No. 22980.
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE SCHMAGIEN, Plaintiff in Error.

*Opinion filed October 14, 1935.*

TAYLOR E. WILHELM, for plaintiff in error.

OTTO KERNER, Attorney General, ELMER MOHAN, State's Attorney, and J. J. NEIGER, for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

A jury in the circuit court of LaSalle county found George Schmagien guilty of murder, fixing his punishment at fourteen years' imprisonment. A review of the judgment entered on that verdict is sought by this writ of error.

Plaintiff in error was arrested July 4, 1934, following the death on that date of John Benik, and was committed to jail on the same day. On October 10, 1934, he was indicted, charged with the murder of Benik, and his trial on that indictment started December 3, 1934. From his arrest until his trial plaintiff in error was continuously confined in the county jail. Before the commencement of his trial plaintiff in error moved for his discharge for failure to bring him to trial within four months of the date of his commitment, and the overruling of this motion, which is assigned as error, is the only point presented by the briefs which it will be necessary for us to consider.

The constitutional provision for a speedy trial (art. 2, sec. 9,) is mandatory and may not be disregarded. Legislative enactments defining and giving force to this provision have always been upheld by this court. (*Newlin* v. *People,* 221 Ill. 166; *People* v. *Jonas,* 234 id. 56; *Guthmann* v. *People,* 203 id. 260.) The statute as last amended, in 1933, provides, in substance, that any person committed for a criminal offense and not admitted to bail and not tried by the court having jurisdiction of the offense within four months of the date of commitment shall be set at liberty by the court unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People and that there is reasonable ground to believe that such evidence may be procured at a later day, in which case the court may continue the cause for not more than sixty days. (Smith's Stat. 1933, chap. 38, par. 748; Cahill's Stat. 1933, chap. 38, par. 771.) In the record before us there is nothing to indicate any applica-

tion of the prisoner for delay, nor is there any record of an extension of time having been asked by the People for the purpose of procuring evidence. As above noted, the prisoner was incarcerated on July 4, 1934, not admitted to bail, and not tried until December 3, 1934. The court erred in overruling his motion to be discharged, and for that error the judgment must be reversed.

Since the time has expired within which the defendant may be tried the cause will not be remanded. An order will be entered in this court that the plaintiff in error be discharged from custody.

*Judgment reversed and prisoner ordered discharged.*