## ASHER v. RUPPA.

### No. 9747.

United States Court of Appeals
Seventh Circuit.
Feb. 8, 1949.

Rehearing Denied March 25, 1949.

Meyer Abrams, of Chicago, Ill. (Shulman, Shulman & Abrams, of Chicago, Ill., of counsel), for appellant.

William B. Rubin, Myron L. Gordon and Joseph P. Brazy, all of Milwaukee, Wis., for appellee.

Before MAJOR, Chief Judge, KERNER, Circuit Judge, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Plaintiffs have appealed from an order dismissing their complaint upon the ground that it did not state a claim upon which relief could be granted.

Before proceeding to discuss the merits of this appeal, we pause to consider the claim of Derzon, that the order dismissing the complaint for failure to state a claim upon which relief could be granted is not a final order; in other words, the jurisdiction of this court is questioned on the ground that the order is not one from which an appeal will lie. With this view we are unable to agree.

A judgment is final for the purpose of appeal when it terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined. Milton v. United States, 5 Cir., 120 F.2d 794, and Karl Kiefer Mach. Co. v. United States Bottlers Machinery Co., 7 Cir., 108 F.2d 469. True it is, that where a motion to dismiss a complaint is sustained and the complaint is dismissed, and the plaintiff does not desire to amend, he should announce his election to stand on his complaint, let a final judgment be entered dismissing the action, and then appeal from that judgment. But in our case, as in Crutcher v. Joyce, 10 Cir., 134 F.2d 809, it is clear that the court completely determined plaintiffs had no right of action against defendants, and that by the order dismissing the complaint the court intended to and did terminate the litigation, and that plaintiffs, by appealing, elected to stand on

their complaint; hence we think the order is appealable. See also Johnson v. Horton, 9 Cir., 63 F.2d 950.

In support of the order defendants contend that (1) there is no consideration to support the agreement; (2) the contract upon which the action is based is indefinite; and (3) the contract is against public policy.

The complaint shows affirmatively the requisite jurisdictional amount and the necessary diversity of citizenship. It appears that plaintiffs and defendants were stockholders of Bismarck Hotel Company, an Illinois corporation, and that while defendants were engaged in a controversy with the management of the hotel company they solicited plaintiffs for their proxies—to be voted in favor of the person nominated by defendants as a director, and that in consideration for the execution and delivery of plaintiffs' proxies defendants promised and agreed that plaintiffs would share in all of the benefits which defendants might derive as a result of the election. Pursuant to this agreement, plaintiffs gave their proxies to their 760 shares to defendants, and defendants informed plaintiffs that defendant Derzon had been elected as a director of the corporation. Thereafter, without the knowledge or consent of plaintiffs, defendants entered into a secret deal with Bismarck and its officers to settle all controversies in consideration of the sale to them by defendants of all the stock defendants had voted at the meeting at which Derzon was elected director, for which defendants received a sum greatly above the market price but which did not include plaintiffs' 760 shares, and instead of including in the sale the stock of plaintiffs, defendants purchased stock in the market greatly below the amount of the sale price to Bismarck.

Plaintiffs are not required to plead all their evidence, and under the rules of civil procedure there is no pleading requirement of stating facts sufficient to constitute a cause of action; indeed, the only requirement is that there be "a short and plain statement of the claim showing that the pleader is entitled to relief". Federal Rules of Civil Procedure, rule 8(a), 28 U.S. C.A. The law is now settled that upon mo-

tions to dismiss a complaint on the ground that it does not state a claim upon which relief can be granted, the complaint should be construed in the light most favorable to the plaintiff, with all doubts resolved in his favor and the allegations accepted as true. Cool v. International Shoe Co., 8 Cir., 142 F.2d 318. And if, in view of what is alleged, it reasonably can be conceived that plaintiff can upon the trial make a case which would entitle him to some relief, the complaint should not be dismissed. Montgomery Ward & Co. v. Langer, 8 Cir., 168 F.2d 182, 185; Cool v. International Shoe Co., supra, 142 F.2d at page 320; and Carroll v. Morrison Hotel Corp., 7 Cir., 149 F. 2d 404.

As to the first contention, there can be no doubt that the execution and delivery of the proxies was consideration for defendants' promise that plaintiffs would share in all of the benefits which defendants would derive as a result of the election of Derzon as a director of Bismarck.

As to defendants' second contention, that the contract is indefinite, it will be enough to say that a contract need not contain the details of every fact to which the parties are agreeing. A contract is not indefinite merely because it may be difficult to construe. If the phrases can be made certain by proof, that is sufficient. Southwest Pipe Line v. Empire National Gas Co., 8 Cir., 33 F.2d 248, 64 A.L.R. 1229, and British-American Oil Producing Co. v. Buffington, 5 Cir., 116 F.2d 363.

Finally, defendants contend that if the contract be construed as one by which Bismarck was to be forced to purchase all of the shares to be voted by defendants at an over price, the agreement must be deemed illegal and against public policy. A quick answer is that such an agreement is not involved or alleged in this case. In entering into the contract here involved, plaintiffs did nothing unlawful, and the contract did not become illegal by any agreement that defendants might have made thereafter without plaintiffs' knowledge and consent. 12 Am.Jur. pp. 718, 728. Here, plaintiffs agreed that they would give defendants the proxies in consideration of sharing whatever benefits defend-

ants might receive. Such a contract is not inherently illegal. What might be shown upon the trial of the merits, we have no way of telling.

It is clear that defendants agreed that plaintiffs would share in all of the benefits which might be available as a result of Derzon's election as a director; that defendants entered into a contract by which Bismarck agreed to purchase all of the shares which had been voted by defendants at the meeting of the Bismarck stockholders, including plaintiffs' 760 shares; and that defendants, in violation of the purchase agreement, excluded plaintiffs' shares from the sale. In this situation, keeping in mind the legal principles already mentioned, we think the motion to dismiss should have been overruled.

One other matter requires brief mention. It appears that the court, in view of the order dismissing the complaint, sustained objections to interrogatories propounded to defendants. Plaintiffs on this appeal ask that the defendants be ordered to answer the interrogatories. Since we have concluded that the order of the court dismissing the complaint must be reversed, we think the question whether or not defendants shall be ordered to answer the interrogatories ought to be left to the District Court.

The order of the District Court is reversed, and the case is remanded to proceed in accordance with this opinion.