756

James Paul De Laney, Louis C. Nettelhorst, Chicago, Ill., for Geo. Soderstrom.

Henry S. Blum, Bernard G. Sang, and Vincent J. Carney, all of Chicago, Ill., for Kungsholm Baking Co.

Before KERNER, FINNEGAN and LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

On May 3, 1946, appellant George Soderstrom, a minority stockholder in Kungsholm Baking Company, Inc., an Illinois corporation, filed his complaint in the United States District Court for the Northern District of Illinois, Eastern Division. Federal jurisdiction was charged to be based upon diversity of citizenship. Plaintiff alleged that he was a citizen of the State of Texas and domiciled therein, that the defendant, John Soderstrom, Sr., his father, was an alien citizen of the Kingdom of Sweden, and that all the other defendants, individual and corporate, were citizens of Illinois. The complaint prayed that the defendants, or certain of them, be declared trustees *ex maleficio* of all assets of said Kungsholm Baking Company, Inc., and also prayed for an accounting, the appointment of a receiver, and for a restraining order.

All of the defendants filed answers to the complaint. The defendant, John Soderstrom, Sr., admitted in his answer that George Soderstrom was a citizen and resident of Texas. All the other defendants in their joint answer denied that he was a citizen and resident of Texas.

On May 16, 1946, John Soderstrom, Sr., as plaintiff, likewise a minority stockholder, filed his complaint in the District Court for the Northern District of Illinois, Eastern Division. He named as defendants the same parties named in his son's complaint, and joined the son as a defendant, stating that George Soderstrom is made a party "for the purpose of determining his rights in the subject matter." He prayed for substantially the same relief that his son sought. All the defendants filed answers to the father's complaint.

On October 15, 1946, an order consolidating the two causes was entered by agreement of the respective parties. On October 21, 1946, the following order was entered by the District Court: "On motion of cer-

tain defendants by their attorneys, It is ordered that this cause be and it is hereby referred to Special Master, Manuel E. Cowen."

A motion to revoke or clarify the order of reference by the District Court was entered on October 30 and denied on November 12, 1946.

Finally on May 12, 1949, the report of the Special Master was filed. Objections to said report were filed by George Soderstrom, John Soderstrom, Sr. and by Samuel J. Hachtman and Irving Cohn jointly and severally. On November 18, 1949, all objections were overruled.

George Soderstrom filed on December 19, 1949, a notice of appeal from the order overruling objections to the Master's report, both on behalf of himself and his father, John, Sr., who was named as a co-appellant in said notice. (Of course an order overruling objections to a Master's report is not a final appealable order.)

Subsequently, and on January 6, 1950, the following order was entered by the District Court:

"The Court being fully advised in the premises, having read the report of the special Master herein, the objections filed thereto by all of the parties therein, the record herein, and the briefs submitted by the attorneys for the respective parties herein, and having overruled objections to the Master's Report;

"It is ordered, adjudged and decreed that the report of Special Master Manuel E. Cowen hereinbefore filed herein be and the same is adopted by the Court in lieu of a decree herein."

Thereafter, on January 23, 1950, George Soderstrom and his father, John Soderstrom, Sr., filed a notice of appeal to this Court, "from the final judgment entered herein dated January 6, 1950." The appeals were ordered consolidated on January 24, 1950, and on February 1, 1950, the defendants, Henry S. Blum, Irving Cohn, Samuel J. Hachtman, Evalyn Cohn and Rose C. Hachtman, filed their notice of cross appeal to this Court "from the final judgment entered herein dated January 6, 1950."

When the consolidated appeals came on for oral argument this court on its own motion raised the question as to whether or not the order of January 6, 1950 was a final, appealable order. Both appellants and appellees were inclined to agree that it was. After pointing out that jurisdiction could not be conferred on us by agreement of the parties, we gave time to each side so that they might file suggestions in support of their position. The appellee, Henry S. Blum, and the appellees and cross-appellants Irving Cohn, Samuel J. Hachtman, Evalyn Cohn and Rose C. Hachtman have filed their memorandum.

They suggest that applying the language of this court in Asher v. Ruppa, 7 Cir., 173 F.2d 10-11, the order of dismissal, in the case in which George Soderstrom appears as plaintiff, is final and appealable and that the judgment taxing costs against Rose Hachtman is final and appealable. They concede that the order in the case in which John Soderstrom, Sr. appears as plaintiff is not final and appealable.

We cannot agree that there is an order dismissing the cause of George Soderstrom for lack of diversity of citizenship, nor can we agree that there is an order taxing costs against Rose Hachtman.

As a matter of fact, the sole order of January 6, 1950 is "that the report of the Special Master * * * be and the same is adopted by the court in lieu of a decree herein."

The report of the Master, to which the testimony he took and all the exhibits were added as a part of the report, is printed in full in the transcript of record. The report itself, that is exclusive of testimony and exhibits, embraces about 27 pages of printed matter. The exhibits are not printted or abstracted but are attached to the stenographic report of the testimony. There are more than 50 such exhibits. The transcript of testimony embraces 350 pages of printing.

The Master's report, adopted in lieu of a decree, in the case under consideration, contains no order of any kind. That is the point of distinction between the case at bar and Asher v. Ruppa, 7 Cir., 173 F.2d

10, and the authorities cited and relied upon in that case.

In Asher v. Ruppa, 7 Cir., 173 F.2d 10, 11, we said: "True it is, that where a motion to dismiss a complaint is sustained *and the complaint is dismissed,* and the plaintiff does not desire to amend, he should announce his election to stand on his complaint, *let a final judgment be entered dismissing the action,* and then apeal from that judgment. But in our case, as in Crutcher v. Joyce, 10 Cir., 134 F.2d 809, it is clear that the court completely determined plaintiffs had no right of action against defendants, *and that by the order dismissing the complaint* the court intended to and did terminate the litigation, and that plaintiffs, by appealing, elected to stand on their complaint; hence we think the order is appealable. See also Johnson v. Horton, 9 Cir., 63 F.2d 950."

In Crutcher v. Joyce, 10 Cir., 134 F.2d 809, at page 814 the opinion of the court shows that the appeal was from an order dismissing the complaint. The court says: "* * * But the provisions in question are part of an order which completely determined the rights of one plaintiff *and dismissed the entire action as to him;* and they were plainly intended by the trial court to be and constitute a final order of adjudication, *dismissing in like manner the action as to these causes, not merely parts* or all of the complaint. * * *"

Likewise it appears from an examination of Johnson v. Horton, 9 Cir., 63 F.2d 950, that *the appeal in that case was from an order dismissing appellant's amended bill of complaint and supplemental bill of complaint.*

Moreover, Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides in subparagraph (a): "(a) Definition; Form. 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings."

Rule 54 is taken from Rule 71 of Rules of Practice in Equity, adopted by the Supreme Court. See Equity rule 71, Appendix to Volume 226, United States Reports, pages 21-22.

The order of January 6, 1950, clearly violates Rule 54, subsection (a), and consequently we are obliged to dismiss these appeals and the cross-appeal.

United States Court of Appeals Third Circuit.