**PEOPLE OF THE UNITED STATES of America, ex rel. Barney Alvin KELLY, Petitioner-Appellant,**

v.

**Joseph D. BIBB, Director of Department of Public Safety, et al., Ross V. Randolph, Warden, Illinois State Penitentiary, Menard, Illinois, Grove B. Smith, Psychiatrist, Respondents-Appellees.**

No. 12181.

United States Court of Appeals Seventh Circuit.

June 3, 1958.

Illinois, was granted leave *in forma pauperis* to file his complaint in the district court. The complaint was dismissed by the district court *sua sponte*. From such dismissal appellant has been permitted to appeal *in forma pauperis*. He now contends that the order dismissing the complaint was not a final decision within the meaning of 28 U.S.C.A. § 1291, and that this court lacks jurisdiction to hear an appeal therefrom; or in the alternative that the district court erred when it dismissed the complaint prior to the filing of a responsive pleading.

The complaint was prepared by the appellant without the aid of counsel, and is a confused statement of a claim for relief. It attempts to allege that appellant is entitled to recover damages under 42 U.S.C.A. § 1981 et seq., from the defendants, who allegedly acted under color of law to deprive appellant of his rights, privileges and immunities secured by the Constitution of the United States. Appellant also alleges that he was improperly tried as a "sexually dangerous person" under Ill.Rev.Stat. (1955) ch. 38, § 820.01 et seq., and subsequently was committed to the Illinois State Penitentiary. He further prays for an injunction to issue by a three-judge court to restrain the enforcement of this statute, which he asserts is unconstitutional.

We are first confronted with the question as to whether the dismissal of the complaint by the district court was a final order. If the order was not final this court does not have jurisdiction. 28 U.S.C.A. § 1291. The order of the district court stated:

"that said complaint should be dismissed for the reasons stated in the memorandum filed of even date herewith.

"It is, therefore, the order of this court that the complaint filed by the plaintiff under the Civil Rights Act * * * be and the same is hereby dismissed."

The dismissal of the complaint without a dismissal of the action is not a final order. Williams v. Peters, 9 Cir., 1957,

John R. Worthington, Chicago, Ill., for appellant.

Latham Castle, Atty. Gen., William C. Wines, Asst. Atty. Gen., for appellee.

Before DUFFY, Chief Judge, MAJOR, Circuit Judge, and PLATT, District Judge.

PLATT, District Judge.

Appellant, Barney Alvin Kelly, an inmate of the psychiatric division of the Illinois State Penitentiary at Menard,

233 F.2d 618, certiorari denied 352 U.S. 881, 77 S.Ct. 104, 1 L.Ed.2d 81. See Reynolds v. Wade, 9 Cir., 1957, 241 F.2d 208; Dyar v. McCandless, 8 Cir., 1929, 33 F.2d 578, 579. However, where the district court completely determines there is no right of action and intends to terminate the litigation and the plaintiff appeals, he thereby stands by his complaint and an order dismissing the complaint is final. Asher v. Ruppa, 7 Cir., 1949, 173 F.2d 10.

■ The district court did not dismiss the complaint as defendants argue, because it was a suit against the state inhibited by the Eleventh Amendment to the Constitution of the United States. In its memorandum, the court, after quoting from United States ex rel. McNeill v. Tarumianz, 3 Cir., 1957, 242 F.2d 191, 195, "that an action against a state officer seeking to enjoin him from conduct authorized by a state statute is in effect an action against the state * * *", said:

> "In actions of this nature it is the duty of the court to determine whether the action is precisely the conduct allowed by statutory authorization or whether the actions taken is tantamount to conduct outside the scope of the statute. Since the complaint alleges nothing but conclusions and does not state facts, this court is unable to determine from the complaint as filed that the acts which were committed were committed outside of the authority granted by State statute. For failing to state a cause of action the complaint will be and the same is hereby dismissed."

Clearly by this statement the court did not conclude that appellant had no right of action, but only that there were not sufficient facts alleged from which it could be determined that a cause of action was stated. Therefore, we hold that the district court did not intend to terminate the litigation.

■ It may be appellant cannot allege sufficient facts to entitle him to any relief. This court held in People ex rel.

Turnbaugh v. Bibb, 7 Cir., 1958, 252 F.2d 217, that Ill.Rev.Stat.1953, ch. 38, §§ 820–825 is constitutional. Since no responsive pleading was filed appellant should not be denied the opportunity to file an amended complaint. Fed.Rules Civ.Proc. rule 15(a), 28 U.S.C.A. See Peckham v. Scanlon, 7 Cir., 1957, 241 F. 2d 761.

Furthermore, under the circumstances appellant did not elect to stand on his complaint by filing an appeal. Appellant did not have the assistance of counsel when the appeal was filed. When counsel was appointed by this court, he immediately presented a motion to dismiss the appeal because there was not a final order. Defendants resisted the motion and it was denied "without prejudice to the right to renew the same. * * *" The appellant has in effect renewed this motion. Since the appeal is not taken from a final decision as required by 28 U.S.C.A. § 1291, this court lacks jurisdiction, and the appeal is dismissed.

The court expresses its appreciation for the services of John R. Worthington, of the Chicago Bar, as court appointed counsel.