**Robert W. PHILLIPS, Plaintiff-Appellant,**

v.

**William R. NASH, Defendant-Appellee.**

**No. 13791.**

United States Court of Appeals
Seventh Circuit.

Dec. 28, 1962.

**514**

Robert W. Phillips, pro se.

William G. Clark, Atty. Gen., Chicago, Ill. (William C. Wines, Raymond S. Sarnow, A. Zola Groves, Edward A. Berman, Asst. Attys. Gen., of counsel), for appellee.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

Appellant is an inmate of the Illinois State Penitentiary, Stateville Branch, Joliet, Illinois. He appeared in this suit *pro se*. As he was unable to be present at the time set for oral argument before this Court, we took the case on the briefs and without oral argument.

This suit was filed in the United States District Court for the Northern District of Illinois. At the time of the commencement of this action, defendant was the State's Attorney for Winnebago County, Illinois. The complaint asks $200,000 for damages because of alleged violation of plaintiff's civil rights.

Plaintiff relies upon R.S. § 1979, 42 U.S.C. § 1983 which reads as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Plaintiff was tried and convicted for the crime of murder in an Illinois State court in McHenry County, Illinois. He was sentenced to serve 199 years. After the judgment became effective, plaintiff was informed by prison authorities that the State's Attorney for Winnebago County, Illinois, had placed a "Hold" on the plaintiff. The reason given for the "Hold" was that the grand jury in Winnebago County had returned two criminal indictments against plaintiff, who thereafter wrote to the State's Attorney, the defendant herein, that he was ready for trial, and that defense witnesses were available. He claimed to be entitled, under the Illinois Constitution, to a speedy public trial.

The District Court dismissed the complaint herein on the ground it did not state a claim upon which relief could

be granted. We, therefore, accept as true, the allegation of the complaint that the defendant, then the State's Attorney of Winnebago County, Illinois, acting under color of Illinois State law, failed to grant the request of plaintiff for an early trial of the criminal charges pending against him in Winnebago County, Illinois.

■ Defendant first contends the order from which the plaintiff seeks a review is not a final order and, hence, not appealable. We are cited to a decision of this Court, People of United States ex rel. Kelly v. Bibb, 255 F.2d 772. In that case, the plaintiff was confined to a state institution in Illinois. The superintendent of that institution was named as defendant. The suit was for damages under the federal Civil Rights Act. The complaint was dismissed by the District Court acting *sua sponte*. We held, page 773: "The dismissal of the complaint without a dismissal of the action is not a final order." We stated the defendant should not be denied the opportunity of filing an amended complaint.

In People of United States ex rel. Kelly v. Bibb, supra, we also said, page 774: "However, where the district court completely determines there is no right of action and intends to terminate the litigation and the plaintiff appeals, he thereby stands by his complaint and an order dismissing the complaint is final. Asher v. Ruppa, 7 Cir., 1949, 173 F.2d 10."

Inasmuch as the plaintiff in the instant case is a layman and confined, and considering that the District Court granted plaintiff the right to appeal *in forma pauperis*, which might indicate the Court considered it had completely determined the question at issue, we hold that this case is properly before us.

■ The right to a speedy trial is guaranteed by both the Federal and Illinois Constitutions. However, the Sixth Amendment guaranty in the Federal Constitution does not extend to state-court actions. Gaines v. Washington, 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793;

Ex parte Whistler, D.C.Wis., 1945, 65 F.Supp. 40.

■ The Illinois Constitution, Article II, Section 9, S.H.A., provides: "In all criminal prosecutions the accused shall have the right to * * * a speedy public trial * * *." Ill.Rev.Stat.1957, Ch. 38, par. 633.1 provides if a person has entered upon a term of imprisonment and another criminal case is pending against the prisoner in the same county in which he was sentenced, the prisoner must be brought to trial within four months.

In the instant case, the "Hold" order was based upon a pending criminal charge in a county different from that from which the plaintiff was sentenced. However, the statute shows the legislative policy is prompt trial of pending criminal charges. This is also shown by Ill.Rev.Stat.1959, Ch. 38, ¶ 748.

Earlier Illinois decisions held that the four month period did not run while the accused was imprisoned for another offense. People v. Franzone, 359 Ill. 391, 194 N.E. 567. However, the Illinois Supreme Court repudiated the earlier rule in People v. Swartz, 21 Ill.2d 277, 171 N.E.2d 784, 785.

■ The provision in the Illinois Constitution for a speedy trial is mandatory. People v. Schmagien, 361 Ill. 371, 198 N.E. 142, and conferred a right upon the person who has been denied a speedy trial. People v. House, 10 Ill.2d 556, 141 N.E.2d 12, 13; People v. Stillwagon, 373 Ill. 211, 25 N.E.2d 795; People v. Bryarly, 23 Ill.2d 313, 178 N.E.2d 326.

In Bryarly, the Supreme Court speaking through Justice Schaefer said, at page 329 of 178 N.E.2d: "While the defendant was not imprisoned within Champaign County, he was not beyond the reach of the prosecution * * * he could have been brought back to Illinois and tried. * * * The constitutional guaranty of a speedy trial contemplates that the means that are available to meet its requirements shall be utilized."

■ From the record before us, we are of the view that Phillips was entitled to a speedy trial of the charges that were pending against him in Winnebago County. However, we do not decide whether a cause of action was stated under the federal Civil Rights Act in view of the disposition that we make of this case which is hereinafter stated.

■ We now consider whether the defendant, as State's Attorney, was immune from suit and liability under R.S. § 1979, for his action, or lack of action, as State's Attorney for Winnebago County, Illinois.

In Stift v. Lynch, 267 F.2d 237, this Court held a State's Attorney and an Assistant State's Attorney are not amenable to actions brought under the federal Civil Rights Act. We held that prosecuting officials are not to be amerced by suits under the Civil Rights Act for their actions in connection with official prosecutions.

Plaintiff cites Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492. That opinion did mention that this Court had affirmed relying on our earlier decision in Stift v. Lynch. However, Monroe v. Pape did not specifically overrule our decision in Stift. We, therefore, assume the argument now presented by the plaintiff is that Monroe v. Pape impliedly overruled our Stift decision.

In Monroe v. Pape, supra, the complaint charged that at 5:45 a. m. on a specified date, thirteen Chicago police officers, led by deputy chief of detectives Pape, broke through two doors of the Monroe apartment, awakened the Monroe couple and forced them at gun point to stand naked in the center of the living room; that Monroe was struck several times with a flashlight, and that Mrs. Monroe and some of the children were pushed around; that every room was ransacked; that Monroe was taken to the police station, detained upon "open" charges for ten hours during which time he was interrogated about a murder committed two days previously; that Monroe was not brought before a magistrate although numerous magistrate courts were available; that Monroe was not advised of his procedural rights, nor permitted to call by phone to his family or to an attorney; that he was subsequently released without criminal charges being preferred against him. The officers in the Monroe case did not have a search warrant or an arrest warrant.

The instant case is a far cry from the situation in Monroe v. Pape. We think it will be time enough to say the federal Civil Rights Act permits any person who has been prosecuted by a State's Attorney or an Assistant State's Attorney to sue such official under the federal Civil Rights Act when and if Congress so determines or when and if the Supreme Court announces an extension of its holding in Monroe v. Pape.

We are convinced that Congress never intended, by the enactment of the Civil Rights Act, to open the federal courts to suits to be brought by those persons who have been prosecuted by a State's Attorney and who claim that such official acted with malice, or otherwise did not fully comply with his official duties. We should not, by judicial fiat, convert what would otherwise be ordinary state-law claims for false imprisonment, malicious prosecution or assault and battery into Civil Rights cases merely on the basis of conclusory allegations in a complaint that constitutional rights have been violated.

We adhere to our prior decision in Stift v. Lynch, 267 F.2d 237, and hold the defendant Nash is and was not amenable to this suit in a federal District Court brought under the federal Civil Rights Act.

The District Court properly dismissed the complaint and the order of dismissal is

Affirmed.