Frank J. BROWN, Jr., Plaintiff,

v.

Honorable Lewis J. CHARLES, Circuit Court Judge, Presiding for Milwaukee County, E. Michael McCann, District Attorney for Milwaukee County, Anton J. Komperda, Court Reporter, Milwaukee County, Defendants.

No. 69–C–507.

United States District Court,
E. D. Wisconsin.

Feb. 17, 1970.

Terrance L. Pitts, Milwaukee, Wis., for plaintiff.

Robert P. Russell, Corp. Counsel, Milwaukee County, Milwaukee, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a civil rights action under 42 U.S.C. § 1983 brought against a state circuit court judge, a district attorney, and a court reporter, who have moved to dismiss the action.

Mr. Brown was tried for first degree murder on February 3, 1969; the trial ended in a hung jury. Mr. Komperda was the court reporter at that trial. A new trial, scheduled before Judge Charles, is being prosecuted by the district attorney, Mr. McCann.

Mr. Brown previously brought a motion in Judge Charles' court for the production of a free copy of the *complete* transcript of the earlier trial, and the motion was opposed by Mr. McCann. Judge Charles ordered that only those portions of the transcript which contained the examination of the prosecution's witnesses should be furnished free to Mr. Brown. A writ of mandamus to the Wisconsin supreme court challenging this order was denied. Recent decisions of the federal courts are in accord with the ruling of Judge Charles. United States v. Carella, 411 F.2d 729 (2d Cir. 1969); United States v. McMann, 408 F.2d 896 (2d Cir. 1969).

It is clear that the action against the judge and the court reporter cannot

be maintained because of the traditional doctrine of judicial immunity, which was not abolished by § 1983. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969); see also Jacobson v. Schaefer, 307 F.Supp. 690 (E.D. Wis. 1969) and the citations contained therein.

Although immunity for prosecuting attorneys is not so clear as for judges, particularly in light of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the seventh circuit and at least three other circuits have continued to recognize it. Phillips v. Nash, 311 F.2d 513 (7th Cir. 1962); Fanale v. Sheehy, 385 F.2d 866 (2nd Cir. 1967); Bauers v. Heisel, 361 F.2d 581 (3rd Cir. 1966); Sires v. Cole, 320 F.2d 877 (9th Cir. 1963).

The court in Phillips v. Nash, supra, concluded that Monroe v. Pape did not extend the liability of prosecuting attorneys to be sued under § 1983 and therefore adhered to its earlier decision in Stift v. Lynch, 267 F.2d 237 (7th Cir. 1959), which granted immunity to the state's attorney.

■ Generally, this reluctance to allow prosecuting attorneys to be sued is based on a theory that they are judicial or quasi-judicial officials. In Bauers v. Heisel, 361 F.2d 581, 589 (3rd Cir. 1966), the court stated:

" * * * we believe that both reason and precedent require that a prosecuting attorney should be granted the same immunity as is afforded members of the judiciary. The reasons are clear: his primary responsibility is essentially judicial—the prosecution of the guilty and the protection of the innocent * * *; his office is vested with a vast quantum of discretion which is necessary for the vindication of the public interest. In this respect, it is imperative that he enjoy the same freedom and independence of action as that which is accorded members of the bench."

In Cawley v. Warren, 216 F.2d 74, 76 (7th Cir. 1954), the court, in a decision which pre-dated Monroe v. Pape, referred to the state's attorneys as "judicial officers" and granted them immunity from suit.

■ The immunity afforded to prosecutors is not without limitation. The court in Bauers v. Heisel, 361 F.2d 581 (3rd Cir. 1966) limited the immunity to acts performed within the prosecutor's jurisdiction; this test is generally the same as that applied to judges. Since the court of appeals for the seventh circuit in Cawley v. Warren, supra, has previously found that prosecutors "were protected by the same rule of immunity which is applicable to judges", I conclude that the jurisdiction test also applies here. The district attorney was, as a matter of law, acting within his jurisdiction when he opposed Mr. Brown's motion for the production of a free transcript, and thus he is entitled to immunity in the case at bar.

Therefore, it is hereby ordered that the defendants' motion to dismiss be and hereby is granted.