Thomas Randall HARGROVE,
Plaintiff,

v.

Rosalie RILEY, Defendant.

No. CT–99–5059–EFS.

United States District Court,
E.D. Washington.

April 19, 2000.

George M. Ahrend, Randall & Danskin, Spokane, WA, for plaintiff.

Jerry John Moberg, Ephrata, WA, for defendant.

## ORDER

SHEA, District Judge.

On April 19, 2000, the Court heard oral argument on Defendant's Motion for Summary Judgment, (Ct.Rec.12), Plaintiff's Motion for Partial Summary Judgment, (Ct.Rec.20–1), and Plaintiff's Motion for Stay of Proceedings, (Ct.Rec.20–3). Plaintiff Thomas Randall Hargrove was represented by his attorney George M. Ahrend. Defendant Rosalie Riley was represented by her attorney Jerry J. Moberg. After reviewing the briefing and the file, and listening to the oral argument of the parties, the Court now enters the following order memorializing and supplementing its oral ruling.

## I. BACKGROUND

Defendant Rosalie Riley is the former official court reporter for Judge Kenneth Jorgensen, a Superior Court Judge in Grant County, Washington. Ms. Riley resigned effective August 31, 1999. Part of Ms. Riley's responsibilities as an official court reporter is transcription of verbatim reports of proceedings (VRP) for purposes of appeal. *See* Wash. · Rev.Code

§ 2.32.180. Although Ms. Riley has retired, the responsibility of providing VRP continues for trials that occurred while she was the official court reporter.

"On October 9, 1998, after a jury trial and conviction, Plaintiff Thomas Hargrove was sentenced to 660 months incarceration. Mr. Hargrove filed a notice of appeal on October 12, 1998." (Ahrend Decl. Ex. J at 2.) Ms. Riley was one of four court reporters at the underlying criminal trial of Plaintiff Thomas Hargrove. In late November of 1998, Mr. Hargrove's criminal trial attorney sought an extension of time for filing the statement of arrangements for the appeal based on his inability to contact Ms. Riley to obtain a VRP. The Court of Appeals of the State of Washington, Division III, granted the extension. "Later Mr. Hargrove's attorney filed a statement of arrangements indicating that transcripts of various hearings and the trial were ordered from four different court reporters, with Ms. Riley responsible for over one-half of the documents (approximately 1,500 pages)." (Id.)

On February 3, 1999, after all transcripts were received from three of the court reporters, the Clerk of the Court sent Ms. Riley a notice that sanctions would be imposed and a show cause hearing set if she had not filed her transcript by February 15, 1999. The letter also notified Ms. Riley of the procedures for filing for an extension of time. On March 19, 1999, the Clerk sent Ms. Riley another letter admonishing her tardiness in supplying the VRP, extending the due date to April 19, 1999, and warning that no other extensions would be granted due to her past record of failing to comply with the deadlines as set out in the Rules of Appellate Procedure. As of mid-March, Ms. Riley was overdue on transcripts for nine different cases.

On August 19, 1999, the Clerk filed a Ruling Imposing Terms and Order to Show Cause against Ms. Riley because she still had not filed the VRP in Mr. Hargrove's appeal. The Clerk noted that no motions for extension of time or supporting affidavits had been filed. The Clerk ordered a show cause hearing for October 5, 1999. On September 14, 1999, in an unrelated case, the Honorable Frank V. Slak, Commissioner of the Division III Court of Appeals, held a show cause hearing in an unrelated case regarding Ms. Riley's failure to file a VRP. In the Commissioner's Ruling, he noted Ms. Riley's delinquency in filing the VRP in Mr. Hargrove's appeal and ordered that she file the VRP on October 12, 1999. This deadline passed and Ms. Riley failed to file the VRP.

On October 27, 1999, in a Clerk's Ruling Imposing Sanctions, the Clerk ordered Ms. Riley to file the VRP by November 8, 1999, or to face sanctions of $50.00 per day.

Due to the delay in receiving the VRP, Mr. Hargrove filed a motion to dismiss the charges against him or to reverse and remand for a new trial arguing that the court reporter's delay in transcribing the report of proceedings violated federal due process and state constitutional guaranties of a speedy appeal. In an unpublished opinion dated January 25, 2000, the Court of Appeals found "the 12–month delay in the filing of the report of proceedings was not excessive enough to violate due process or to constitute the unnecessary delay that triggers Washington constitutional protections." The Court noted that the VRP had not been filed when the motion was heard on December 16, 1999, but was subsequently filed on December 28, 1999. Mr. Hargrove has filed a motion to reconsider and motion to modify the Court of Appeal's decision. His criminal appeal is also still pending.

On January 10 and 26, 2000, the Clerk sent Ms. Riley letters informing her that she had not paid the sanctions ordered by the Court which totaled $2,600.00. On February 9, 2000, Ms. Riley responded by disputing the amount of the sanctions imposed, admitting that only $2,400.00 was

owed. She did not dispute the propriety of the sanctions. Ms. Riley never filed a motion to modify the Clerk's or Commissioner's rulings nor did she otherwise contest the propriety of the sanctions.

During the time Ms. Riley was required to provide a VRP of Mr. Hargrove's trial proceedings, she never sought an extension of time in which to file the VRP nor sought assistance by arranging for a pro tem court reporter to assist with the transcription of Mr. Hargrove's VRP. Ms. Riley believes she received an inordinate amount of requests for VRP regarding criminal appeals because Judge Jorgensen heard mostly criminal cases. She stated that it was at this time she started getting behind in her workload. She also stated that Judge Jorgensen would not do anything to alleviate her workload and even refused to allow her to work on VRP during office hours although other judges had allowed her to do this in the past. Finally, in January of 1999, Judge Jorgensen permitted her to work on VRP while not in court reporting proceedings. Ms. Riley states she even used her vacation time to do the transcripts her last years of employment. She further states that she left her job due to her feelings of helplessness in meeting the excessive demands placed upon her.

Mr. Hargrove filed the above-entitled matter under 42 U.S.C. § 1983 claiming that Ms. Riley violated his civil rights by failing to timely file the transcripts of his trial with the Court of Appeals. He seeks an injunction, costs, attorney's fees, and other unspecified relief. He originally pleaded the case as a class action but has subsequently abandoned that portion of his claim.

Ms. Riley filed an answer denying the material allegations of the complaint and raising the defense, *inter alia,* of privilege. On February 29, 2000, Ms. Riley timely filed a Motion for Summary Judgment, (Ct.Rec.12), asserting judicial and qualified immunity.

On April 6, 2000, Mr. Hargrove filed a response or Motion for Partial Summary Judgment, (Ct.Rec.20–1), in opposition. He states that Ms. Riley is not entitled to absolute or qualified immunity as a matter of law. Mr. Hargrove also filed a Motion to Stay, (Ct.Rec.20–3), until such time as his appeal concludes so damages will be fixed.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, a court may not weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Issues of fact are not material and do not preclude summary judgment unless they "might affect the outcome of the suit under the governing law." *Id.*

## III. ABSOLUTE JUDICIAL IMMUNITY

Certain individuals enjoy absolute immunity from damages for actions taken within the scope of judicial and legislative functions. *See Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The doctrine of absolute judicial immunity applies in civil rights claim under 42 U.S.C. § 1983. *See id.* at 554–55, 87 S.Ct. 1213; *Martinez v. Newport Beach City,* 125 F.3d 777, 780 (9th Cir.1997).

Ms. Riley argues that she is entitled to absolute judicial immunity based on her status as the official full-time court reporter and her job duties of reporting trial and preparing VRP for appeal. When per-

forming these duties, she states that she was acting within the scope of her job duties as required by the judge who employed her. Ms. Riley cites *Brown v. Charles,* 309 F.Supp. 817, 818 (D.C.Wis. 1970), for the proposition that court reporters generally enjoy absolute immunity.

■ However, as Mr. Hargrove points out in his response, the Supreme Court in *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993), dealt with the issue of whether a court reporter is entitled to absolute immunity from damages liability for failing to produce a transcript. The Supreme Court concluded that because a court reporter's task is ministerial, and not discretionary, the reporter is not entitled to absolute immunity from suit. *See id.* at 436–437, 113 S.Ct. 2167. Based on this precedence, the Court finds that Ms. Riley is not entitled to absolute immunity from suit and DENIES Defendant's Motion for Summary Judgment, (Ct.Rec.12), on this ground.

## IV. QUALIFIED IMMUNITY

Ms. Riley asserts she is entitled to qualified immunity from liability damages. In support of her contention, Ms. Riley states that Mr. Hargrove can not show that she violated a "clearly established" constitutional right and has failed to articulate the constitutional right allegedly violated. Ms. Riley also argues that Mr. Hargrove has failed to put forth facts that would meet the heightened pleading requirement of the Ninth Circuit necessary to avoid her qualified immunity defense and rebut her good faith actions. Mr. Hargrove filed a response in opposition and also moved for partial summary judgment on the issue that Ms. Riley is not entitled to the defense of qualified immunity. Although Plaintiff's motion was filed giving Defendant little opportunity to respond. The Court finds Plaintiff's motion is really responsive to Defendant's motion for summary judgment and that a reply is sufficient.

Qualified immunity shields government officials performing discretionary functions "[f]rom liability for civil damages insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Accordingly, the Court must make the following three inquiries:

(1) the identification of the specific right alleged;

(2) the determination of whether that right was so "clearly established" as to alert a reasonable officer as to its constitutional parameters; and,

(3) the ultimate determination of whether a reasonable officer could have believed lawful the particular conduct at issue.

*Romero v. Kitsap County,* 931 F.2d 624, 627 (9th Cir.1991) (citations omitted). The Plaintiff bears the burden of proof as to the second factor. *See id.* (citing *Baker v. Racansky,* 887 F.2d 183, 186 (9th Cir. 1989)). To carry this burden, Plaintiff must show that the right was clearly established in a "particularized" sense; i.e., the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *see also Baker,* 887 F.2d at 186. If this burden is carried, then Defendant must establish that her conduct was reasonable notwithstanding the existence of clearly established law. *See Romero,* 931 F.2d at 627.

To determine whether a right is clearly established, in the absence of binding precedent, a court should look at all available decisional law including decisions of state courts, other circuits and district courts .... An additional factor that may be considered is a determination of the likelihood that the Supreme Court or this circuit would have reached the same result as courts which had

previously considered the issue. Government officials are charged with knowledge of constitutional developments, including all available decisional law.

*Tribble v. Gardner,* 860 F.2d 321, 324 (9th Cir.1988).

### 1. Identification of Specific "Clearly Established" Right Alleged

■ Mr. Hargrove has asserted Ms. Riley's 12–month delay in filing a VRP of his criminal proceedings effectively denied him his right to a timely appeal and, therefore, deprived him of his constitutional right to due process of law. The United States Constitution does not require the states to afford a right to appellate review of a criminal conviction. *See Ross v. Moffitt,* 417 U.S. 600, 611, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). "Nevertheless, when a state provides a right to appeal, it must meet the requirements of due process." *Rheuark v. Shaw,* 628 F.2d 297, 302 (5th Cir.1980).

The State of Washington provides a right of appeal. Article I, Section 22 (amendment 10) of the Washington State Constitution guarantees the right to appeal in all criminal cases. *See State v. Tomal,* 133 Wash.2d 985, 988, 948 P.2d 833 (1997). Given that Mr. Hargrove has a right to a speedy appeal, "extreme delay in the processing of an appeal may amount to a violation of due process." *United States v.. Antoine,* 906 F.2d 1379, 1382 (9th Cir. 1990) (adopting general rule of *Rheuark,* 628 F.2d at 302–03, and *United States v. Johnson,* 732 F.2d 379, 381 (4th Cir.1984)). This delay extends to "delays caused by court-appointed counsel and by court reporters." *United States v. Wilson,* 16 F.3d 1027, 1030 (9th Cir.1994).

■ Based on Ninth Circuit precedence, the Court finds that Mr. Hargrove's assertion of a denial of a right to a timely appeal as a deprivation of his constitutional right to due process of law is a specific right he possesses which is recognized by caselaw. Given that this right has been established through caselaw the Court finds it was so "clearly established" as to alert Ms. Riley as to its constitutional parameters. *See Tribble,* 860 F.2d at 324 (stating "[g]overnment officials are charged with knowledge of constitutional developments, including all decisional law")

### 2. A Reasonable Court Reporter Would Not Have Believed Ms. Riley's Conduct was Lawful

Under the Washington Rules of Appellate Procedure, a verbatim report of proceedings shall be filed within 90 days after review is accepted by a Washington appellate court. *See* RAP 9.5(a). If the VRP cannot be completed within the time allotted under the rule, the court reporter "shall, no later than 10 days before the report of proceedings is due to be filed, submit an affidavit stating the reasons for the delay to the party who filed the statement of arrangements." RAP 9.5(b). The court reporter can also file a motion for extension of time with the court which will be granted "to serve the ends of justice." RAP 18.8(a). A court reporter who has failed to comply with the filing deadlines or to obtain an extension of time can be ordered by the Court "to comply or to pay sanctions to the court." RAP 18.9(a).

The record shows that Ms. Riley failed to file the VRP of Mr. Hargrove's trial within the 90 days allowed under the RAP. Ms. Riley did not provide an explanation to Mr. Hargrove as required under the RAP and failed to return Mr. Hargrove's attorney's phone calls and offers of assistance. Ms. Riley also did not request an extension of time as provided under the RAP. She was sent numerous letters from the Clerk of the Court of Appeals warning of sanctions due to her delinquency and giving her new deadlines, all of which passed without her filing a motion for an extension of time or sending an explanation to Mr. Hargrove pursuant to the RAP. By October 27, 1999, the Clerk issued a Ruling Imposing Sanctions in which the Clerk ordered Ms. Riley to file the transcript by

November 8, 1999, or to face sanctions of $50.00 per day. Over a month and a half later, Ms. Riley finally filed the VRP. Sanctions totaled over $2000.00. Ms. Riley never disputed the fact that she had failed to comply with the court orders and rules regarding production of the VRP.

During this time, Ms. Riley contends her actions were not in bad faith or malicious. She states that she worked her vacation, nights and weekends to meet the incredible demands of her job occasioned by the unusually high number of appeals. She believes she acted in good faith and tried her hardest to keep up with the demand.

Despite Ms. Riley's explanations, the Court finds she did not act in good faith. She never sought an extension of time in which she could file the VRP and never submitted a written explanation to Mr. Hargrove as required under the RAP. She never sought assistance in preparation of the VRP. The Court finds these actions, creating a twelve month period of delay, shows a disregard of the rules and court orders. No reasonable court reporter would have believed these delays and disregard of the court rules and orders were lawful, especially in light of the warnings by the Clerk and court and ultimate imposition of sanctions.

Based on the foregoing, the Court finds Ms. Riley is not entitled to qualified immunity because she failed to establish that her conduct was reasonable notwithstanding the existence of clearly established law. Accordingly, Defendant's Motion for Summary Judgment, (Ct.Rec.12), on this ground is DENIED and Plaintiff's Motion for Partial Summary Judgment, (Ct. Rec.20–1), is GRANTED regarding the issue of qualified immunity.

## V.  HARGROVE'S CONSTITUTIONAL RIGHTS

Ms. Riley also seeks summary judgment dismissal on the basis that Mr. Hargrove's Constitutional Rights were not in fact violated. Defendant urges that the issue has already been decided by the State of Washington Court of Appeals and the doctrine of collateral estoppel precludes Mr. Hargrove from asserting his due process rights were violated.

■ Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case," provided that there was a "full and fair opportunity" to litigate the issue in the earlier case. *Allen v. McCurry*, 449 U.S. 90, 94–95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *see Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir.1992). However, collateral estoppel cannot be applied to a litigant who was not a party or in privity with a party to the earlier proceeding, and who therefore never had an opportunity to be heard. *See Allen*, 449 U.S. at 95, 101 S.Ct. 411. State rules on issue preclusion govern when applying state decisions. *See Haphey v. Linn County*, 953 F.2d 549, 550 (9th Cir.1992) (en banc). Under Washington law,

[b]efore the doctrine of collateral estoppel may be applied, the party asserting the doctrine must prove:

(1) the issue decided in the prior adjudication is identical with the one presented in the second action;

(2) the prior adjudication must have ended in a final judgment on the merits;

(3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and

(4) application of the doctrine does not work an injustice.

*Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135 Wash.2d 255, 262–63, 956 P.2d 312 (1998) (en banc).

At this time, there is no documentation in the materials presented on summary judgment to reflect that the Court of Appeals' opinion is a final judgment rather than an interlocutory decision ancillary to Mr. Hargrove's underlying appeal. Since

ambiguity exists as to the finality of the Court of Appeals' opinion, the Court will hold ruling on this aspect of Defendant's motion in abeyance pending follow-up from the parties, striking the pretrial conference and trial dates to be reset for Fall 2000. The Court SETS a status conference with the parties on June 8, 2000, at 9:30 a.m. At that time, the parties are to give an update on the pending state court matters. Depending on the status of the state case, the Court will order cross motions for summary judgment on either the issue of whether the Court of Appeals' ruling has preclusive effect or on the issue of whether Mr. Hargroves' due process rights have in fact been violated.

## VI. ATTACK ON CONVICTION

Ms. Riley asserts the case should be dismissed because Mr. Hargrove is attempting to attack his state court conviction and therefore his case is barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Supreme Court held in *Heck* that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal.... Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87, 114 S.Ct. 2364 (footnote omitted); *see Cabrera v. City of Huntington Park,* 159 F.3d 374, 380 n. 6 (9th Cir.1998) ("While it is questionable whether *Heck*'s holding would command a majority of the Supreme Court today, *see Spencer v. Kemna,* 523 U.S. 1, 21, 118 S.Ct. 978, 990, 140 L.Ed.2d 43 (1998) (Ginsburg, J., concurring), *Heck* remains good law.")

■ The Court finds that Mr. Hargrove's section 1983 cause of action is not barred by *Heck.* Mr. Hargrove seeks to recover damages for an alleged due process violation related to Ms. Riley's delay in furnishing a transcription of proceedings. At no time has Mr. Hargrove alleged in this cause an unconstitutional conviction or imprisonment. Mr. Hargrove seeks declaratory relief that Ms. Riley's conduct violated his due process rights and to enjoin her from continuing to violate his civil rights. Mr. Hargrove also seeks compensatory and punitive damages, as well as costs and fees. Should the Court grant judgment for Mr. Hargrove and grant him the relief requested, it would not render his conviction or sentence invalid. Accordingly, Defendant's Motion for Summary Judgment, (Ct.Rec.12), is DENIED on this ground.

## VII. PLAINTIFF'S MOTION FOR STAY

Plaintiff requests a stay of proceedings until the underlying criminal matter is resolved and his damages, if any, can be fixed. Since the Court has stricken the pretrial conference and trial dates and stayed the matter until June, the Court DENIES Plaintiff's motion as moot.

For the reasons stated herein and on the record,

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment, (**Ct.Rec.20–1**), is **GRANTED.** Defendant Riley is not entitled to the defense of qualified immunity.

2. Defendant's Motion for Summary Judgment, (**Ct.Rec.12**), is **DENIED IN PART.** Defendant is not entitled to absolute or qualified immunity, nor is the Plaintiff's case barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The issue of whether

the Court of Appeals' opinion has preclusive effect is **HELD IN ABEYANCE.**

3. This matter is **STAYED** until **June 8, 2000.** Accordingly, the pretrial conference, currently set for **May 5, 2000,** is **STRICKEN** and the jury trial, currently set for May 17, 2000, is **STRICKEN.** These dates shall be **RESET** at a later time by order of the Court.

4. Plaintiff's Motion for Stay of Proceedings, (Ct.Rec.20–3), is **DENIED AS MOOT.**

5. A telephonic status conference is **SET** at 9:30 a.m. on **June 8, 2000.** The parties are directed to call the Court's public conference line at the time scheduled for the conference, (509) 376–8880.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, **ENTER JUDGMENT ACCORDINGLY,** and provide copies to counsel and the Jury Administrator.