**Charles Earl JACOBSON, Plaintiff,**

v.

**Nick F. SCHAEFER, Defendant.**

**No. 69–C–368.**

United States District Court
E. D. Wisconsin.

Dec. 31, 1969.

Robert E. Henke, Appleton, Wis., for plaintiff.

Don R. Herrling, Appleton, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a civil rights action under 42 U.S.C. § 1983 brought against a Wiscon-

sin county judge. The defendant has moved for summary judgment on the ground of judicial immunity.

The plaintiff alleges that he was an indigent, and that the defendant appointed an attorney to represent him. Subsequently, the plaintiff's father posted bail for his release, and a friend paid to provide him with an attorney of his own choice. Plaintiff alleges that when the defendant learned of these facts, the defendant insisted that the plaintiff reimburse the court-appointed attorney for the services he had already performed. The plaintiff advised the defendant of his inability to do so; then, the defendant allegedly ordered a refund of a part of the plaintiff's bail money so that it might be used to reimburse the court-appointed attorney. As a result, it is averred that insufficient bail was posted, and the plaintiff was returned to jail. He claims that the defendant acted with malice to deprive him of his constitutional right to bail.

Section 954.16 of the Wisconsin statutes provides:

> "The judge may increase or decrease the amount of bail that has been required."

The plaintiff contends that this provision must be narrowly construed and that the defendant acted outside the scope of his jurisdiction. I must reject this contention. Whether the county judge was correct or incorrect in resetting bail it is apparent that he had jurisdiction to do so.

In Fanale v. Sheehy, 385 F.2d 866, 868 (2d Cir. 1967), the court noted:

> "The immunity rule is designed to promote 'principled and fearless decision-making' by removing a judge's 'fear that unsatisfied litigants may hound him with litigation charging malice or corruption.' Pierson v. Ray, 386 U.S. [547] at 554, 87 S.Ct. [1213] at 1218 [18 L.Ed.2d 288]. To accomplish this purpose exceptions must be confined to situations in which it is perfectly clear that the court acted wholly without jurisdiction."

There is no absence of jurisdiction in the instant case so as to invoke an exception to the normal rule of judicial immunity. See Rhodes v. Houston, 202 F.Supp. 624 (D.Neb.1962). The plaintiff is not entitled to relief in a civil rights action under 42 U.S.C. § 1983. In Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969), the court ruled that a state court judge, a court reporter and a court clerk

> "* * * were all acting in the discharge of their official responsibilities. As such they were protected by the traditional doctrine of judicial immunity, and this rule of law was not abolished by § 1983, *supra*."

Now, therefore, it is ordered that the defendant's motion for summary judgment be and hereby is granted.

It is further ordered that the plaintiff's complaint be and hereby is dismissed.