**Earl D. MOSLEY, Plaintiff-Appellant,**

v.

**POLICE DEPARTMENT OF the CITY OF CHICAGO, James B. Conlisk, Superintendent of the Police Department of the City of Chicago, and Richard J. Daley, Mayor of the City of Chicago, Defendants-Appellees.**

**No. 18021.**

United States Court of Appeals, Seventh Circuit.

Oct. 29, 1970.

Harvey J. Barnett, Ronald L. Barnard, Chicago, Ill., Hal M. Brown, Chicago, Ill., of counsel, for appellant.

Richard L. Curry, Corporation Counsel of City of Chicago, Chicago, Ill., for appellees; Marvin E. Aspen, Edmund Hatfield, Asst. Corporation Counsel, Chicago, Ill., of counsel.

Before HASTINGS, Senior Circuit Judge, and KILEY and KERNER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Earl D. Mosley brought this action in the federal district court against the City of Chicago Police Department, the Superintendent of the Chicago Police Department and the Mayor of Chicago seeking declaratory and injunctive relief, pursuant to Title 28 U.S.C.A. § 2201 and Title 42 U.S.C.A. § 1983, to enjoin the enforcement of Chapter 193–1(i) of the Chicago Municipal Code. He alleged in substance that the ordinance abridges his rights of freedom of speech, equal protection and due process guaranteed by the First and Fourteenth Amendments to the United States Constitution. The district court granted defendant's motion for a directed verdict and to dismiss the complaint. Subsequently, the trial court filed its supporting findings of fact and conclusions of law and entered a decree of dismissal. Plaintiff appeals. We reverse.

From early September, 1967 to April 4, 1968, plaintiff, a federal postal employee, frequently walked upon the public sidewalk adjoining Jones Commercial High School in Chicago carrying a sign that read, "Jones High School practices black discrimination. Jones High School has a black quota."

On April 5, 1968, an amendment to the city's disorderly conduct ordinance became effective prohibiting any picketing or demonstrating on a public way within 150 feet of any primary or secondary school from one-half hour before school hours until one-half hour after school hours.[1] Plaintiff, upon seeing a newspaper announcement of the amendment, contacted the Chicago Police Department and upon inquiry was advised that he would be arrested if he continued to picket the school. Defendants admit that at all times plaintiff's actions were peaceful and orderly, that he never interrupted the free flow of traffic to and from the school and that they had no reason to believe his activities would

---

[1] The Chapter 193–1(i) amendment provides:

"193–1 A person commits disorderly conduct when he knowingly:

\*    \*    \*    \*    \*

(i) Pickets or demonstrates on a public way within 150 feet of any primary or secondary school building while the school is in session and one-half hour before the school is in session and one-half hour after the school has been concluded, provided, however, that this subsection does not prohibit the peaceful picketing of any school involved in a labor dispute."

lead to acts which were not peaceful, orderly and quiet.

The district court held the ordinance to be a reasonable regulation as to time, manner and place of picketing and not violative of plaintiff's First Amendment rights. It also held the exemption of labor picketing to be a reasonable classification and not violative of the equal protection clause of the Fourteenth Amendment. The court further held the ordinance was not unconstitutionally vague since it had reasonable and readily determinable standards.

We consider first the alleged denial of plaintiff's right of free speech. He argues that Chapter 193–1(i), *supra,* is overbroad.

■ We think it clear that the ordinance is overbroad. It lays down a blanket prohibition against all forms of picketing or demonstrating other than labor picketing) within 150 feet of a school no matter how peaceful, pristine or innocuous. It prohibits one man carrying a sign from walking on a public sidewalk adjoining a school, without condition or reservation.

■ It cannot be questioned that the protection of the First Amendment extends beyond "pure speech" and includes the peaceful expression of views by picketing, marching or demonstrating. Shuttlesworth v. City of Birmingham, 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969); Cox v. State of Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471

(1965); Thornhill v. State of Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940). In *Thornhill,* the Court dealt with an Alabama statute making it unlawful for any person "without just cause or legal excuse" to "picket" a place of business for the purpose of injuring its lawful business. It expressly noted the statute prohibited a single individual from walking slowly and peacefully back and forth on a public sidewalk in front of the premises of an employer carrying a sign that stated only the fact that the employer did not employ union men. 310 U.S., at 98, 60 S.Ct. at 742. The Court declared the scope of the statute too broad since it prohibited conduct that would not occasion imminent and aggravated danger to community interests and impaired the effectiveness of the exercise of the right to freely discuss a matter of public concern, industrial relations.[2]

■ Defendants justify this ordinance as a reasonable attempt to prevent the disruption of schools and to forestall violence in an era of protest and demonstration by the creation of a 150 foot "buffer zone" during school hours. There can be no doubt that picketing, since it contains elements other than pure speech, may be the subject of reasonable regulation. Hughes v. Superior Court, 339 U.S. 460, 464, 70 S.Ct. 718, 94 L.Ed. 985 (1950).[3]

This principle was reaffirmed in Cox v. State of Louisiana, 379 U.S. 559, 85

---

2. It cannot be seriously contended, in the context of the instant case, that the issue of race relations today is any less a matter of public concern than was industrial relations in 1940.

3. The examples of regulation of conduct normally associated with the exercise of First Amendment rights are numerous. *Hughes* upheld the state's right to prohibit picketing to enforce a specific demand for selective racial hiring. Cox v. New Hampshire, 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049 (1941), found a parade licensing scheme constitutional because the license could only be refused for considerations of public convenience. To the same effect is Kovacs v. Cooper, 336 U.S.

77, 69 S.Ct. 448, 93 L.Ed. 513 (1949) involving loudspeaker regulation. As was stated in Cox v. State of Louisiana, 379 U.S. 536, 554, 85 S.Ct. 453, 464, 13 L.Ed.2d 471 (1965), "The rights of free speech and assembly, while fundamental in our democratic society, still do not mean that everyone with opinions or beliefs to express may address a group at any public place and at any time." But always there must be a balance struck between the right of the individual to communicate and the rights of society. See, *e. g.,* Shuttlesworth v. City of Birmingham, *supra*; Amalgamated Food Employees Union v. Logan Valley Plaza, Inc., *infra*; Thornhill v. State of Alabama, *supra.*

 

S.Ct. 476, 13 L.Ed.2d 487 (1965), where the Court upheld a statute prohibiting picketing near a courthouse with the intent to obstruct justice for the reason that it was precise and was narrowly drawn to protect a valid state interest. *Accord,* Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968).

■ Obviously, the City of Chicago could enact an ordinance to prevent the disruption of the educational process that would not violate plaintiff's right of free speech. This does not require unnecessarily broad proscription of activities constitutionally subject to state regulation. N.A.A.C.P. v. State of Alabama, 377 U.S. 288, 307, 84 S.Ct. 1302, 12 L.Ed.2d 325 (1963); Shelton v. Tucker, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960).

■ In the subject case where the sole question is right of access to a public way for the purpose of expression of views and where there is no danger of interference with a valid state interest,[4] plaintiff's First Amendment right to picket may not be constitutionally denied. Amalgamated Food Employees Union v. Logan Valley Plaza, Inc., 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968). Here, as in Thornhill v. State of Alabama, *supra,* and Davis v. Francois, 5 Cir., 395 F.2d 730 (1968), the instant ordinance did not evince any attempt to balance the individual's right to effective communication and the state's interest in peace and harmony. As was noted in *Amalgamated Food Employees, supra,* 391 U.S. at 315, 88 S.Ct. at 1607, " * * * streets, sidewalks, parks, and other similar public places are so historically associated with the exercise of First Amendment rights that ac-

cess to them for the purpose of exercising such rights cannot constitutionally be denied broadly and absolutely."

We conclude that Chapter 193–1(i) denies absolutely plaintiff's right to express his views by the mere carrying of a sign as he walks upon the public sidewalk adjoining the school during school hours. It is, therefore, patently unconstitutional on its face.

Having determined that Chapter 193–1 (i) is unconstitutional on its face, we do not deem it necessary to examine plaintiff's other constitutional contentions.

For the foregoing reasons, the judgment of the district court is reversed and this cause is ordered remanded with directions to grant plaintiff the injunctive relief sought below.

Reversed and remanded.

---

4. Defendants admitted that plaintiff's actions were at all times peaceful and that they had no reason to believe that his actions would lead to disruption. Indeed, all the ordinance requires for criminal liability is that a man walking on a public sidewalk adjoining a school be carrying a sign. There is no requirement, as in Cox v. State of Louisiana, 379 U.S.

559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965), of an intent to disrupt. There is no prerequisite, as in Cameron v. Johnson, *supra,* of an interference with ingress and egress. Nor is there any showing of a legitimate state interest requiring the proscription of any and all signs carried by pedestrians near schools.