Kevin **CASSIDY**, Arthur Patrick Doyle, Jeffrey Riordan Hinich, Michael Francis McDermott, Gilbert R. Arroya, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Honorable Louis J. **CECI**, individually and as County Judge, Branch 3, Milwaukee County, Wisconsin, E. Michael McCann, individually and as District Attorney, Milwaukee County, Wisconsin, Harold A. Breier, individually and as Chief of Police, City of Milwaukee, Wisconsin, their Agents, Assistants, Successors, Employees, Attorneys, and all those acting in Concert or Cooperation with them or at their Direction or under their Control, Defendants.

No. 70-C-139.

United States District Court, E. D. Wisconsin.

Dec. 2, 1970.

See also 310 F.Supp. 676.

Patricia D. McMahon, Michael J. Zimmer, William M. Coffey, Sander N. Karp, D. Winthrop Hass, Attys., Wis. Civil Liberties Union, Milwaukee, Wis., for plaintiffs.

Robert W. Warren, Atty. Gen., by Jeffrey B. Bartell, Asst. Atty. Gen., Madison, Wis., for Honorable Louis J. Ceci.

John J. Fleming, City Atty., by Patrick Madden and Thomas Hayes, Asst. City Attys., Milwaukee, Wis., for Harold A. Breier.

Michael D. Guolee, Asst. Dist. Atty., Milwaukee, Wis., for E. Michael McCann, Dist. Atty.

Before FAIRCHILD, Circuit Judge, REYNOLDS and GORDON, District Judges.

MYRON L. GORDON, District Judge.

This is an action for declaratory and injunctive relief in which the plaintiffs challenge the constitutionality of § 947.-06, Wis.Stats. At a pretrial conference held on May 1, 1970, the parties agreed that this three-judge court should resolve the issue of the statute's facial invalidity. Briefs were submitted and oral arguments of counsel were heard on October 29, 1970. The defendant Breier moved to dismiss the complaint, but that motion was withdrawn at the aforesaid pretrial conference. Another defendant, Judge Ceci, has asked for dismissal principally on the ground that he is protected by judicial immunity, and we have determined that his motion must be denied. By an order of this court dated August 9, 1970, the state of Wisconsin was granted permission to intervene as a party defendant upon its application.

Although the defendants have urged that we abstain from entertaining this action, we hold that this question was resolved against abstention in Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

The complaint avers that the plaintiffs and other persons, numbering in all approximately 200, marched in an orderly and peaceful manner along a public sidewalk in Milwaukee after having participated in a peaceful assembly at the Milwaukee War Memorial. It is alleged that the marchers were prevented from continuing their orderly march by a "cordon" of about 15 Milwaukee police officers. It is also charged in the complaint that at approximately 5:00 P.M. on February 20, 1970, the marchers were arrested on various charges, including that of "unlawful assembly". The plaintiffs in the instant case were subsequently charged with a violation of § 947.06 which provides as follows:

"Section 947.06 Unlawful assemblies and their suppression. (1) Sheriffs, their under-sheriffs and deputies, constables, marshals and policemen have a duty to suppress unlawful assemblies within their jurisdiction. For that reason they may order all persons who are part of an assembly to disperse. An 'unlawful assembly' is an assembly which consists of 3 or more persons and which causes such a disturbance of public order that it is reasonable to believe that the assembly will cause injury to persons or damage to property unless it is immediately dispersed.

"(2) An 'unlawful assembly' includes an assembly of persons who assemble for the purpose of blocking or obstructing the lawful use by any other person, or persons of any private or public thoroughfares, property or of any positions of access or exit to or from any private or public building, or dwelling place, or any portion thereof and which assembly does in fact so block or obstruct the lawful use by any other person, or persons of any such private or public thoroughfares, property or any position of access or exit to or from any private or public building, or dwelling place, or any portion thereof.

"(3) Whoever intentionally fails or refuses to withdraw from an unlawful assembly which he knows has been ordered to disperse shall be guilty of a misdemeanor and may be fined not more than $500 or imprisoned not more than one year in the county jail or both."

We are asked to decide whether the statute in question is facially vague, uncertain and overbroad. The plaintiffs contend that the statute, on its face, is

susceptible to improper and overbroad invasions of constitutionally protected first amendment rights.

In support of their claim that the statute is overbroad, the plaintiffs point to a number of cases where protected rights were found to be violated by state action. Our examination of the challenged statute persuades us that it does not fall within the proscription of such decisions as Gregory v. Chicago, 394 U.S. 111, 89 S.Ct. 946, 22 L.Ed.2d 134 (1969); Wright v. Georgia, 373 U.S. 284, 83 S. Ct. 1240, 10 L.Ed.2d 349 (1963); or Terminiello v. Chicago, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1949).

■ The statute, in our view, is not vague or indefinite, but fairly apprises those required to comply with it what it "commands or forbids". Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 83 L.Ed. 888 (1939).

■ The plaintiffs also complain that the statute grants police officers too wide a discretion in deciding whether to make an arrest. We find that the enactment with reasonable clarity delimits the officers' discretion in that it authorizes an arrest only where "it is reasonable to believe" that the disturbance will cause injury. This is akin to the "probable cause" standard which generally applies in warrantless arrests. This distinguishes the case at bar from the situation before the court in Shuttlesworth v. Birmingham, 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176 (1965) and Cox v. Louisiana, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965).

■ The plaintiffs maintain that insofar as the statute does not specify the extent of the injury which can trigger an arrest, it permits an arrest to be made where the amount of damage is insignificant. While it is true that the language of the law itself does not spell out any required degree of injury or damage, this does not invalidate the act. If an arrest were bottomed upon a trivial amount of damage, a successful prosecution could not be had under the statute; however, it does not follow that the statute is unconstitutional in failing to be definitive in this regard. A statute which is otherwise valid upon its face is not rendered invalid by the mere fact that it is possible for an inept constable to misuse it; we would then have an improper application, not an unconstitutional statute. Thus, as we read this statute, it does not authorize "selective" or unlawful enforcement, and should the latter occur, it is not the fault of the statute itself. Cf. Bachellar v. Maryland, 397 U.S. 564, 90 S.Ct. 1312, 25 L.Ed.2d 570 (1970).

■ The plaintiffs argue that the statute authorizes an officer to arrest one who is personally peaceful and orderly, but whose unorthodox views are irritating to onlookers. Counsel for both the plaintiffs and the defendants, as well as the members of this court, are all agreed that if the people who have attempted to assemble are peaceful, they may not lawfully be penalized when outsiders are activated to cause a disturbance by reason of their intense hostility to the unpopular attitudes espoused by those in the assembly. Edwards v. South Carolina, 372 U.S. 229, 238, 83 S. Ct. 680, 9 L.Ed.2d 697 (1963). We agree with defendants' counsel that the provisions of § 947.06, reasonably construed, do not authorize the arrest of a member of an assembly if a *disturbance* occurs that is caused by onlookers and not by members of the assembly; a similar interpretation applies to *damage* that is caused by persons who are not members of the assembly.

The statute defines an unlawful assembly as one *"which causes such a disturbance* of public order that it is reasonable to believe that *the assembly will cause* injury to persons or damage to property * * *."* (emphasis added). We conclude that this statute adequately evidences a design to penalize the members of assemblies only when it is their own conduct which causes a disturbance or damage, as distinguished from a disturbance or damage that is caused by militant onlookers.

Street v. New York, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969); Feiner v. New York, 340 U.S. 315, 71 S.Ct. 303, 95 L.Ed. 295 (1951) and Terminiello v. Chicago, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1949) do not serve to invalidate the statute at bar. Under the present enactment, one who is an outside heckler or an "agent provocateur" may not properly instigate the officer's decision that the assembly is unlawful. The statute at bar is entirely consistent with the ruling of *Terminiello* that free speech is protected even when it "stirred people to anger, invited public dispute, or brought about a condition of unrest." (337 U.S. at p. 5, 69 S.Ct. at p. 896).

The foregoing interpretation of the statute is strengthened by the decision of the Wisconsin supreme court in Shields v. State, 187 Wis. 448, 204 N.W. 486 (1925). Although that case related to an earlier statute, the decision was cited in the hearings of the state legislative council; the comments made at the hearing, which were submitted to the governor on February 28, 1953, reflect the following understanding on the part of the draftsmen:

"(1) The assembly must be causing a disturbance of public order. It is not sufficient, as has been held in some jurisdictions, that the assembly is likely to cause a disturbance of public order or that it is likely to cause others to disturb public order. Thus, if a group of people are peaceably assembled, it does not matter that their presence will cause such resentment that people in the vicinity of the assembly will be likely to attempt to break it up forcefully. This restates the Wisconsin rule. See Shields v. State, 187 Wis. 448, 204 N.W. 486 (1925)."

Reasonably construed, the language of this statute meets the standard asserted in Cameron v. Johnson, 390 U.S. 611, 616, 88 S.Ct. 1335, 1338, 20 L.Ed.2d 182 (1968), where the court said:

" * * * We conclude that the statute clearly and precisely delineates its reach in words of common understanding. It is 'a precise and narrowly drawn regulatory statute evincing a legislative judgment that certain specific conduct be * * * proscribed.' Edwards v. South Carolina, 372 U.S. 229, 236, 83 S.Ct. 680, 684, 9 L.Ed. 2d 697."

In Boyce Motor Lines v. United States, 342 U.S. 337, 340, 72 S.Ct. 329, 330, 96 L.Ed. 367 (1952), the problem of adequate specificity is discussed in these terms:

"A criminal statute must be sufficiently definite to give notice of the required conduct to one who would avoid its penalties, and to guide the judge in its application and the lawyer in defending one charged with its violation. But few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainty can be demanded. Nor is it unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line."

Our approval of the statute at bar does not conflict with the view stated in Kiiskila v. Nichols, 433 F.2d 745 (7th Cir. 1970):

" * * * As part of the right to engage in criticism of governmental policy, citizens also must be permitted to assemble and join together in groups to achieve their objectives. This protected right of association includes members in groups such as Veterans for Peace, organized solely to encourage opposition to governmental policy. United States v. Robel, supra, 389 U. S. 258 at 263, 88 S.Ct. 419, 19 L.Ed.2d 508; cf. Cafeteria & Restaurant Workers Union v. McElroy, supra, 367 U.S. 886, at 898, 81 S.Ct. 1743, 6 L. Ed.2d 1230."

228

In the case at bar, the statute evinces a deliberate attempt "to balance the individual's right to effective communication and the state's interest in peace and harmony". Mosley v. Police Department, 432 F.2d 1256 (7th Cir. 1970). In this respect, § 947.06 does not impinge on the constitutional guarantees of the first amendment and is distinguishable from Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940) and Amalgamated Food Employees Union Local 590 v. Logan Valley Plaza, Inc., 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968).

The defendant Ceci, a state court county judge, has brought a separate motion to dismiss contending that judicial immunity insulates him from these proceedings. In our opinion, the protection of judicial immunity is a necessary and vibrant one designed to shield the judge from personal liability for acts performed by him in a matter in which he had jurisdiction. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L. Ed.2d 288 (1967); Dieu v. Norton, 411 F.2d 761 (7th Cir. 1969); Jacobson v. Schaefer, 307 F.Supp. 690 (E.D.Wis. 1969). The doctrine of immunity, however, is not fashioned to exempt the judge from supervisory or preventive court action in which the issue is the correctness of his judicial performance, rather than a demand for personal damages. United States v. Clark, 249 F. Supp. 720 (S.D.Ala.1965).

Another issue, that of the alleged bad faith enforcement of the statute, was expressly held in abeyance in the court's order entered following the pretrial conference held on May 1, 1970. We believe that the instant decision declaring the statute to be facially valid is dispositive of the only issue which is required to be heard before this three-judge court. We therefore remand to the Honorable John W. Reynolds, as a single-judge district court, the remaining issues in this case.

Now, therefore, it is ordered that § 947.06, Wis.Stats., be and hereby is declared facially constitutional.

It is also ordered that the plaintiffs' demand for a permanent injunction restraining the defendants from enforcing § 947.06, Wis.Stats., be and hereby is denied.

It is further ordered that the motion of the defendant Ceci to dismiss be and hereby is denied.

It is further ordered that this three-judge court be and hereby is dissolved and the remaining issues herein be and hereby are remanded to the Honorable John W. Reynolds, sitting as a single-judge district court.