Lynda A. **PETERS**, David J. Goldberg, and Mary E. Kelly, Plaintiffs,

v.

Harold A. **BREIER**, individually and as Chief of Police for the City of Milwaukee, Wis., E. Michael McCann, individually and as District Attorney for Milwaukee County, Wis., John J. Fleming, individually and as City Attorney for the City of Milwaukee, Wis., and their Agents, Assistants, Assigns, Attorneys, Employees, and All Persons Acting in Concert or Cooperation with them or at their Direction or Under their Control, Defendants.

No. 70–C–377.

United States District Court, E. D. Wisconsin.

Feb. 3, 1971.

James A. Walrath, Sander Karp, Milwaukee, Wis., for plaintiffs.

John J. Fleming, City Atty., Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The complaint in this action seeks both declaratory and injunctive relief with reference to section 106–2.5 of the ordinances of the city of Milwaukee. The plaintiffs contend that the ordinance is unconstitutional and have moved the court for summary judgment. By stipulation, the district attorney for Milwaukee County has been dismissed as a defendant.

By its introductory terms, the ordinance establishes a "curfew for Water Tower Park" and imposes "Restrictions on the Use of Water Tower Park." The ordinance provides, in part, as follows:

"(1) No person shall enter or remain in the area known as Water Tower Park bounded by E. North Ave., E. Wyoming Pl., N. Lake Dr. and N. Terrace Ave. between the hours of 10:00 P.M. and 7:00 A.M. Appropriate signs of a properly esthetic nature shall be so placed as to give the public notice of the foregoing restrictions."

My reading of this provision persuades me that it is a facially valid enactment; its restrictions are sufficiently

narrow so that under no reasonable construction or application should the ordinance itself be denominated unconstitutional. The ordinance carefully defines the area that is restricted and the hours of the curfew. It also provides for appropriate notice. It applies to all persons and cannot be condemned as selective or discriminatory. Unlike Portland v. James, 251 Or. 8, 444 P.2d 554 (1968), which broadly restricted the use of any street, alley, or public place, the ordinance in question carefully delimits the curfew to a small, localized area.

The right of the city to exclude the public from designated areas at designated times cannot be seriously questioned so long as the restriction is as narrowly defined as it is in the ordinance in question. In Cox v. New Hampshire, 312 U. S. 569, 576, 61 S.Ct. 762, 766, 85 L.Ed. 1049 (1941), the court said:

"If a municipality has authority to control the use of its public streets for parades or processions, as it undoubtedly has, it cannot be denied authority to give consideration, without unfair discrimination, to time, place and manner in relation to the other proper uses of the streets. We find it impossible to say that the limited authority conferred by the licensing provisions of the statute in question as thus construed by the state court contravened any constitutional right."

The propriety of governmental restrictions on the right to use public streets was discussed in Cox v. Louisiana, 379 U.S. 536, 554, 85 S.Ct. 453, 464, 13 L. Ed.2d 471 (1965):

" * * * The rights of free speech and assembly, while fundamental in our democratic society, still do not mean that everyone with opinions or beliefs to express may address a group at any public place and at any time. The constitutional guarantee of liberty implies the existence of an organized society maintaining public order, without which liberty itself would be lost in the excesses of anarchy.

The control of travel on the streets is a clear example of governmental responsibility to insure this necessary order. A restriction in that relation, designed to promote the public convenience in the interest of all, and not susceptible to abuses of discriminatory application, cannot be disregarded by the attempted exercise of some civil right which, in other circumstances, would be entitled to protection. One would not be justified in ignoring the familiar red light because this was thought to be a means of social protest. Nor could one, contrary to traffic regulations, insist upon a street meeting in the middle of Times Square at the rush hour as a form of freedom of speech or assembly. Governmental authorities have the duty and responsibility to keep their streets open and available for movement. A group of demonstrators could not insist upon the right to cordon off a street, or entrance to a public or private building, and allow no one to pass who did not agree to listen to their exhortations. * * * "

Although the plaintiffs seek summary judgment, they contend in their brief that if summary judgment is denied to them, they desire a hearing to offer evidence "to prove that the ordinance is violative of substantive due process."

It is my opinion that the ordinance is patently constitutional and that any improper application of the ordinance would reflect, not its unconstitutionality, but rather the blundering of the constable. Cassidy v. Ceci, 320 F.Supp. 223 (E.D.Wis.1970).

Accordingly, it is my conclusion that the defendants' demand that the action be dismissed is appropriate and should be granted.

Now, therefore, it is ordered that the plaintiffs' motion for summary judgment be and hereby is denied, and

It is also ordered that the plaintiffs' action be and hereby is dismissed upon its merits.